# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WALTER M. BROWN,
    Appellant,

   v.

OFFICE OF PERSONNEL
 MANAGEMENT,
    Agency.

DOCKET NUMBER
DA-844E-15-0398-C-1

DATE: September 30, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Walter M. Brown, Pine Bluff, Arkansas, pro se.

Delores A. Saunders, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        On May 11, 2015, the appellant appealed a reconsideration decision of the Office of Personnel Management (OPM) denying his application for disability retirement benefits under the Federal Employees' Retirement System. *Brown v. Office of Personnel Management*, MSPB Docket No. DA-844E-15-0398-I-1, Initial Appeal File (IAF), Tab 1. After holding a hearing, on January 22, 2016, the administrative judge issued an initial decision finding that the appellant had proven his entitlement to disability retirement benefits and reversing OPM's reconsideration decision. IAF, Tab 15, Initial Decision (ID). The administrative judge ordered OPM to grant the appellant disability retirement benefits no later than 20 calendar days after the date the initial decision became final. ID at 10. The initial decision became the final decision of the Board on February 26, 2016, after neither party filed a petition for review. *See* 5 C.F.R. § 1201.113.

¶3        On March 14, 2016, the appellant filed a petition for enforcement of the Board's final decision seeking damages of "3 x 1,000,000,000 for everyday past the decision of the judgment." *Brown v. Office of Personnel Management*, MSPB Docket No. DA-844E-15-0398-C-1, Compliance File (CF), Tab 1 at 1. The administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. CF, Tab 13, Compliance Initial Decision (CID). The

administrative judge found that OPM proved by preponderant evidence that it was in compliance with the Board's order because it submitted evidence showing that it had granted the appellant disability retirement benefits and authorized interim payments. CID at 2. The administrative judge further determined that the Board lacks the authority to grant the appellant's request for monetary damages based on OPM's alleged delay in complying with the Board's order. CID at 2 n.2.

¶4      On review, the appellant does not dispute the administrative judge's findings concerning the agency's compliance, and we discern no error with the administrative judge's analysis. Rather, he reiterates his request for damages without citing any authority in support of such a claim. Petition for Review File, Tab 3 at 1. We agree with the administrative judge that the Board lacks the authority to grant the appellant monetary damages based on any alleged delay by OPM in complying with the Board's final decision. CID at 2 n.2. The Board's sanction authority is limited to that provided in 5 U.S.C. § 1204(e)(2)(A), which does not provide for monetary damages. *See Johnston v. Department of the Treasury*, 100 M.S.P.R. 196, ¶ 8 n.2 (2005). Moreover, it would be inappropriate to impose sanctions, which are a means to enforce compliance, when, as here, the agency has submitted evidence of compliance with the Board's final decision. *See, e.g.*, *Mavronikolas v. U.S. Postal Service*, 53 M.S.P.R. 113, 116, *aff'd*, 979 F.2d 216 (Fed. Cir. 1992) (Table).

¶5      Accordingly, we affirm the compliance initial decision denying the appellant's petition for enforcement.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.